**FANENE KAVA, Plaintiff,**

**v.**

**PAGO PAGO CATHOLIC CHURCH,**
**TAVITA PEREIRA and PULU TALALOTU, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 16-99

September 20, 1999

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Katopau T. Ainu`u
For Defendants, Afoafouvale L.S. Lutu

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff is one of two holders of the matai title Fanene attached to the village of Pago Pago. She seeks to enjoin the defendants from building a church on land she claims belongs to the Fanene family. After hearing the parties' evidence, the court visited the disputed site. We found the construction to be considerably advanced.

The defendants are building on the approximate location of the previous church building that had existed there for a number of years prior. The evidence also shows that the new church building is partially located on freehold land belonging to the Catholic Church on the *sami* side of the building site, and partially on land, to the northern or *mauga* side of the building site, that is claimed not only by plaintiff but also by the Mauga family. The Mauga family desires that the church be built. While plaintiff has filed suit to enjoin construction, she has also advised defendants that she is prepared to withdraw her suit, and hence claims to the *mauga* side of the construction site, if the Catholic Church would agree to release to her family that portion the Catholic Church's land abutting her family's land to east. Not unsurprising, the Catholic Church has shown no interest in the suggested swap—land in exchange for a mere claim to land.

■ In these matters, we are guided by A.S.C.A. § 43.1401(j), which sets out the requirement of "sufficient grounds" for the issuance of a preliminary injunction. These are:

(1) there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party; and

(2) great or irreparable injury will result to the applicant before a full and final trial can be fairly held on whether a permanent injunction should issue.

■ On the first consideration, we find against plaintiff. There is nothing on the evidence to lend substance to her mere claim of ownership. On the other hand, her co-titleholder, Fanene Su`a, testified that while the portion of the Catholic Church's land which plaintiff is attempting to secure for herself, did at one time belong to the Fanene family, the disputed part of the construction site belongs not to the Fanene family, but rather the Mauga family. Fanene Sua's position has some support from the fact that the inland occupants of the area immediately behind

the construction site are conspicuously those of the Mauga family, and not the Fanene family.

 On the second consideration, we find that plaintiff has failed to demonstrate irreparable injury. We are not persuaded by plaintiff's contention that a concrete structure of a permanent nature, such as a church building, constitutes *per se* an irreversible and irremediable encumbrance to land. In any case, the equities weigh against halting construction at this stage only to promote waste by exposing the partially built structure to the ravages of the elements.

The motion for interlocutory injunctive relief is denied.

It is so ordered.